1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10          **WESTERN DIVISION**

11

12   MICHAEL BARNETT,                    )      No. CV 13-5490-JSL (PLA)
                                         )
13                  Petitioner,          )
                                         )      **ORDER DENYING REQUEST FOR**
14          v.                           )      **EXTENSION OF TIME TO FILE HABEAS**
                                         )      **PETITION AND DISMISSING ACTION**
15   UNKNOWN,                            )
                                         )
16                  Respondent.          )
                                         )
17   _____ )

18          Michael Barnett, a California state prisoner proceeding <u>pro</u> <u>se</u>, apparently wishes to

19   challenge his state court conviction by seeking federal habeas relief.  Rather than filing a petition

20   for writ of habeas corpus, however, Barnett filed a letter requesting a "30 day extension to file [his]

21   Hab[ea]s Corpus" (the "Letter").  Barnett has not filed a federal petition for writ of habeas corpus

22   with this Court, however.  As set forth below, the Court has determined that the relief requested

23   cannot be granted.

24          Under the "case or controversy" requirement of Article III, Section 2 of the United States

25   Constitution, federal courts may not issue advisory opinions. <u>See</u> <u>Princeton University v. Schmid</u>,

26   455 U.S. 100, 102, 102 S. Ct. 867, 869, 70 L. Ed. 2d 855 (1982).  As Barnett has not actually filed

27   a federal habeas petition challenging his conviction and/or sentence, there is no case or

28   controversy before the Court, and he essentially seeks an advisory opinion. <u>See</u> <u>Calderon v.</u>

1  Ashmus, 523 U.S. 740, 746, 118 S. Ct. 1694, 1698, 140 L. Ed. 2d 970 (1998) (actual "controversy"

2  in 28 U.S.C. § 2254 action is whether petitioner is entitled to have the conviction or sentence

3  imposed by the state court set aside).

4      By the Letter, Barnett in essence is asking the Court to decide prospectively whether his

5  habeas petition will be time-barred when filed at some unspecified future date, without any

6  adverse parties before it and without sufficient information on which to base any conclusion that

7  such a filing properly will fall within the one-year limitations period, even if extended.  The Court

8  cannot grant Barnett the prospective relief he seeks without offending the case or controversy

9  requirement of the Constitution.

10     The Court notes further that, even if it had jurisdiction to consider the relief requested,

11  Barnett has not shown entitlement to such relief.  It appears that Barnett may be seeking an order

12  that he will be entitled to equitable tolling of his limitations period should he seek federal habeas

13  relief in the future through a petition which could be untimely under Section 2244(d)(1).  The

14  one-year statute of limitations set forth in Section 2244(d)(1) may be subject to equitable tolling

15  "if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition

16  on time."  Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997),

17  overruled in part on other grounds, Calderon v. United States District Court (Kelly V), 163 F.3d

18  530, 540 (9th Cir. 1998).[1]  However, the Ninth Circuit noted in Beeler that "equitable tolling will not

19  be available in most cases."  Id.  Barnett has not yet established, with the specificity that will be

20  required, that "extraordinary circumstances" beyond his control prevented him from timely filing

21

22  _____

23     [1]  Beeler involved a request for extension of time to file a habeas petition made in advance
of the filing of the petition, but is inapposite.  Beeler was a death penalty habeas case, in which
24  the petitioner's request for appointment of counsel (and stay of execution) must be deemed to
constitute the commencement of the habeas action.  See McFarland v. Scott, 512 U.S. 849, 114
25  S.Ct. 2568, 129 L.Ed.2d 666 (1994).  Here, Barnett's Letter cannot be deemed to constitute a
26  petition for writ of habeas corpus which would commence a habeas action.  See Rule 2(a) and (c)
of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll.
27  § 2254 (application for writ of habeas corpus shall be in the form of a petition which specifies each
ground for relief which is available to the petitioner and the factual basis for each ground for relief).
28  See also Local Rule 83-16.1.

a habeas petition, and it would be inappropriate for this Court to render any ruling on the equitable tolling question based on the record before it.

Should Barnett hereafter file his habeas petition and should the respondent raise the one-year limitations period as a bar to relief, Barnett may then make his equitable tolling argument. At that point, the Court may consider whether the Section 2244(d)(1) limitations period can be tolled.

Based upon the foregoing, **IT IS ORDERED** that the request for a 30-day extension of time to file a habeas petition is **DENIED** and that this action is dismissed without prejudice for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order on Michael Barnett.

DATED: _Aug 8, 2013_

_Spencer Letts_
HONORABLE J. SPENCER LETTS
SENIOR UNITED STATES DISTRICT JUDGE